IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00191-GPG

JUAN BRISENO,

      Applicant,

v.

THERESA COZZA-RHODES,

      Respondent.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

      Applicant, Juan Briseno, is a prisoner in the custody of the Federal Bureau of Prisons.   Mr. Briseno has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1).   The court must construe the application liberally because Mr. Briseno is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.   Mr. Briseno will be ordered to file an amended application if he wishes to pursue his claims in this action.

      The application is deficient because Mr. Briseno fails to provide a clear statement of the claims he is asserting.   Mr. Briseno claims he was denied due process in a prison disciplinary proceeding.   However, he does not allege any facts in the application that demonstrate how he was denied due process and the vague, conclusory, and generic statements in the continuation page attached to the application (*see* ECF No. 1 at 6) do

not demonstrate he is entitled to habeas corpus relief.   Although the court must construe the application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."   *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Habeas corpus relief is warranted only if Mr. Briseno "is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3). Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, which apply to this habeas corpus action pursuant to § 2241, Mr. Briseno must allege specific facts in support of his claim that demonstrate he is entitled to relief.   These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.   *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).   "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the [government] should be ordered to 'show cause why the writ should not be granted.'"   *Id.* at 656 (quoting 28 U.S.C. § 2243).   Naked allegations of constitutional violations are not cognizable in a habeas corpus action.   *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).   Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Mr. Briseno file an amended application that clarifies the due process claim he is asserting.   It is

FURTHER ORDERED that Mr. Briseno shall obtain the appropriate, court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form (with the assistance of his case manager or the facility's legal assistant), along with

the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Mr. Briseno fails within the time allowed to file an amended application that complies with this order, the action will be dismissed without further notice.

DATED February 11, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge